UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SANJAY PATEL, on behalf of his minor child, R.P., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CASE NO: 1:09-cv-0360-TWP-DML ) |
| MENARD, INC., | ) ) |
| Defendant. | ) |

## Order on Motion to Exclude Testimony of Expert Witnesses and Motion for Time to Serve Report

On August 19, 2011, the court issued an entry on the motion by plaintiff Sanjay Patel, on behalf of his minor child, R. P., for an extension of time, to August 22, 2011, to serve an expert report by expert Laura Lampton, who is described as a life care planner. (Dkt. 113). The court took the motion under advisement to be ruled on in connection with a motion by defendant Menard, Inc. to exclude the testimony of Ms. Lampton (and expert Ronald Savage) at trial because expert reports for them had not been served. The court's entry noted that Menard's motion did not clearly explain the terms of the parties' apparent agreement to exchange expert reports later than the January 3, 2011 deadline set by the court in its November 22, 2010 entry (Dkt. 76), and directed the parties to address that matter more fully in connection with the briefing on Menard's motion. The court stated that even though it was taking under advisement Mr. Patel's motion for time, he was not excused from providing Ms. Lampton's report by his self-selected deadline of August 22, 2011, but nor was it guaranteed that providing the report meant that Menard's motion to exclude would be denied. The parties have not addressed the matter more fully, because the plaintiff failed to file a response to Menard's motion to exclude.

Moreover, according to Menard (Dkt. 121), the plaintiff did not serve a report for Ms. Lampton by August 22, 2011, or at any other time since. The court will therefore rule on Menard's motion to exclude on the basis of the record before it.

Menard's motion (Dkt. 102) describes numerous communications it has had with the plaintiff since the Spring 2010 regarding the plaintiff's disclosure of expert witnesses and their reports. Formally, the deadline for the plaintiff to serve expert reports was January 3, 2011, which was set when the trial date was reset to May 23, 2011 (Dkt. 76). The trial date was twice later reset, and this case is set for a trial by jury beginning October 24, 2011. (Dkt. 91). Although the court does not know fully the nature of the parties' discussions to accept expert reports from each other served after the expert disclosure deadlines set forth in the court's entry dated November 22, 2010 (Dkt. 76), Menard's motion describes a conversation between counsel in early March 2011 in which the plaintiff's counsel promised to provide by the following week, and Menard agreed to accept as timely, an expert report for Ms. Lampton.

The cut-off for all discovery was later changed at the parties' joint request to August 1, 2011 (*see* Dkt. 360), and the court does not know whether the parties had any discussions—or any expectations—about the ability to serve expert reports up to the time of the discovery cut-off. It seems evident that the plaintiff would have expected he must serve all expert reports in advance of the August 1 cut-off to allow time for expert depositions. By August 1, two persons that the plaintiff had previously identified as experts—and had not withdrawn the expert designation—had not provided any reports. They are Laura Lampton and Ronald Savage. Because Menard has not received reports for these experts, its motion seeks a ruling that the plaintiff cannot offer their testimony as experts at trial.

Because reports from these experts were not served by the plaintiff by August 1, 2011, and because the plaintiff also missed his self-selected extended deadline of August 22, 2011, for Ms. Lampton's report, it is not necessary for the court to determine whether it would have been timely for Mr. Patel to serve reports past the deadline set by the court for expert reports so long as he met the August 1 discovery cut-off.[1]

Rule 37(c) addresses failures to provide information or identify witnesses as required under Rules 26(a) and (e), including expert witness disclosures. Rule 26(a)(2)(D) requires a party to disclose the identity of any expert witnesses and to provide their expert reports "at the times and in the sequence that the court orders." Rule 37(c)(1) states that a party is not allowed to use evidence or a witness that it failed to provide or disclose as required under Rule 26(a) or Rule 26(e) "unless the failure was substantially justified or is harmless." Rule 37(c)(1) also permits the court to choose a sanction other than exclusion of the evidence or witness. *See also Dura Automotive Systems of Indiana, Inc. v. CTS Corp.,* 285 F.3d 609, 615-16 (7th Cir. 2002) (court not *required* to strike late expert report even where party does not show that his late disclosure was justified or harmless).

The burden to show that late disclosure was substantially justified or is harmless is on the party that missed its deadline. *Finley v. Marathon Oil Co.,* 75 F.3d 1225, 1230 (7th Cir. 1996) (where party fails to timely make its expert disclosures as required under Rule 26, exclusion of

---

[1] The court does not wish to discourage parties unnecessarily from reaching agreements to extend discovery-related deadlines without formal motion. However, when the parties agree to extend a deadline that will then have a material impact on another deadline, a formal motion and approval may be necessary. This case presents a good example. The parties' agreement to extend expert disclosure deadlines may not allow sufficient time for expert depositions, *Daubert* motions, and decisions on *Daubert* motions reasonably in advance of trial. Case management takes into account the court's scheduling needs, as well as the parties'. Another example, although not relevant here, is the summary judgment deadline. A summary judgment deadline may be extended only by order of the court.

3

expert testimony proper unless the party shows that its violation was either justified or harmless"). The Seventh Circuit has said that the district court's Rule 37(c)(1)'s sanctions determination should be guided by the following factors: (1) prejudice or surprise to the opposing party; (2) ability to cure the prejudice; (3) likelihood of disruption to the trial; and (4) bad faith or willfulness involved in the party's failure timely to disclose his evidence. *David v. Caterpillar, Inc.,* 324 F.3d 851, 857 (7th Cir. 2003).

Mr. Patel has not provided the court with any reasons for not serving expert reports for Laura Lampton and Ronald Savage, and thus the court has no basis for finding that late disclosures of their reports would be justified or harmless. In addition, it is apparent to the court that Menard would be prejudiced if Mr. Patel were permitted to serve new expert reports at this time, and it would be difficult to cure the prejudice—at least without changing the trial date (again). There is simply insufficient time before trial to allow for new reports, depositions of the experts who provided new reports, and the briefing and decision of any *Daubert* motions related to new reports. *See, e.g., Hill v. Porter Memorial Hosp.,* 90 F.3d 220, 224 (7th Cir. 1996) (affirming district court's striking of late expert reports; "Adhering to established deadlines is essential if all parties are to have a fair opportunity to present their positions"). Mr. Patel's decision not to oppose Menard's motion to exclude the testimony of expert witnesses Laura Lampton and Ronald Savage demonstrates to the court that Mr. Patel has no good grounds for opposing the exclusion of their testimony as experts at trial.

## Conclusion

The court DENIES as moot Mr. Patel's motion (Dkt. 100) for an extension of time to August 22, 2011, to serve an expert report by Laura Lampton, because Mr. Patel chose not to serve a report by Ms. Lampton. The court GRANTS Menard's motion (Dkt. 102). Expert testimony

from experts Laura Lampton and Ronald Savage is EXCLUDED and will not be permitted at the trial of this matter.

    So ORDERED.

Date: ___09/07/2011___

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Richard D. Hailey
RAMEY & HAILEY
rich@rameyandhaileylaw.com

Jeremy Michael Padgett
TYRA LAW FIRM P.C.
jerry.padgett@tyralaw.net

Joel Samuel Paul
RAMEY & HAILEY
joel@rameyandhaileylaw.com

Kevin C. Tyra
THE TYRA LAW FIRM, P.C.
kevin.tyra@tyralaw.net