UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SANJAY PATEL, on behalf of his minor child, R.P. | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 1:09-cv-0360-TWP-DML |
| vs. | )<br>) |
| MENARD, INC., | )<br>) |
| Defendant. | ) |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE SANCTIONS AGAINST PLAINTIFF**

While Plaintiff Sanjay Patel and his family were shopping at Defendant Menard, Inc. ("Menards"), a 160-pound column of fiberglass insulation fell and injured Plaintiff's minor son, R.P. ("R.P."). This lawsuit followed. After over two years of litigation, the parties are now locked in an eleventh hour discovery dispute about whether Menards is entitled to depose R.P. Specifically, this matter is now before the Court on Menards' motion to dismiss, or, in the alternative, sanctions against Plaintiff due to Plaintiff's refusal to produce R.P. for a noticed deposition.

"Discovery is not supposed to be a shell game, where the hidden ball is moved round and round . . . and so much money is squandered." *Lee v. Max International, LLC*, 638 F.3d 1318, 1322 (10th Cir. 2011). This appears to be how Plaintiff's counsel has treated the situation. Although Plaintiff's counsel's conduct does not warrant dismissal, it does warrant consequences. For this reason, the Court will reopen discovery for the limited purpose of allowing Menards to depose R.P. at Menards' convenience. Additionally, Menards is entitled to reasonable expenses and attorney's fees associated with both R.P.'s deposition and the present motion.

*Background*

Since the genesis of this litigation, R.P.'s deposition has seemingly been a foregone conclusion. On August 23, 2009, Plaintiff filed a Preliminary Witness List naming R.P. as a witness. Moreover, Menards expressed an interest in deposing R.P. as far back as November 2009. On May 24, 2010, Plaintiff filed a Final Witness List, naming R.P. as a witness. Throughout the remainder of 2010, Menards reaffirmed its interest in deposing R.P., and Plaintiff's counsel never voiced any meaningful objection. In fact, on November 12, 2010, Plaintiff's counsel sent a memorandum to counsel for Menards outlining "areas of agreement" between the parties. In doing so, Plaintiff's counsel wrote that "[t]he depo of R.P. . . . can be set up on a very short notice."

On July 8, 2011, counsel for Menards sent Plaintiff's counsel an email, once again reiterating his intentions to depose R.P. and assuring Plaintiff that they would "really go easy on R.P." On July 14, counsel for Menards requested available dates to depose R.P. in light of the fast-approaching discovery deadline of August 1. On July 19, Plaintiff's counsel responded, "I will contact you this week regarding the proposed depositions you wish to take." That same day, counsel for Menards responded, "we've burned up 11 days since [the July 8 email] asking for R.P.'s availability" and "we only have the following dates and times available: 7/28 in the afternoon, 7/29 in the afternoon, or 8/1." The email continued:

> due to the overall limited time frame of the discovery deadline, we need to hear back from you by tomorrow afternoon as to when we can schedule these depositions; otherwise, we'll have to go ahead and send out the notices on our own. Again, R.P.'s deposition should be approximately a one hour deposition . . .

Plaintiff's counsel failed to respond in a timely fashion to this request. Consequently, on July 21, 2011, counsel for Menards served a Notice of Deposition of R.P., scheduling a

2

deposition for August 1, 2011 at 10:00 a.m.  That same day, Plaintiff's counsel, for apparently the first time in this case, expressed concerns about R.P.'s competency and objected to R.P.'s deposition.  Counsel for Menards responded by sending Plaintiff's counsel Indiana case law supporting the proposition that an 11-year-old child, like R.P., is generally competent to testify.

Eight days later, on Friday July 29, Plaintiff's counsel faxed a set of demands regarding R.P.'s deposition.  The communication stated, "[w]ith relationship to your desire to depose R.P., we are agreeable, provided you accept the following restrictions." (emphasis added).  That same day, counsel for Menards accepted the deposition demands and estimated that R.P.'s deposition would only take 15 to 20 minutes.  The email ended, "It was a pleasure seeing you and Mr. Patel today.  I look forward to seeing you on Monday at R.P.'s deposition."

The deposition never came to fruition.  On Monday August 1 at 7:34 a.m., Plaintiff's counsel unilaterally canceled the deposition via email, writing, "[t]here is no way R.P. can do a depo today.  We really need to talk again as [I] do not feel that he can be a witness in this case as it is far [too] upsetting and I join his parents with concern.  The depo today is off."  Counsel for Menards fired back, "[t]he court reporter and I will be at your office at the specified time.  We depose R.P. today or move to dismiss."  This threat notwithstanding, Plaintiff's counsel refused to make R.P. available when Menards' counsel arrived for the scheduled deposition, stating on the record that "[t]his is purely a human decision that has nothing to do with the procedural rules."  Further, Plaintiff's counsel acknowledged that he did not have a note from a medical professional stating that R.P. was psychologically or emotionally unable to participate in the deposition.  Finally, on August 5, 2011, Plaintiff's counsel notified Menards that he no longer planned to call R.P. as a witness at trial.  Additional facts are added below as needed.

***Discussion***

Sanctions under Fed. R. Civ. P. 37 are appropriate "where a party acts intentionally to hinder a lawsuit." *Lobrow v. Village of Port Barrington*, 2011 WL 586240, at *1 (N.D. Ill. Feb. 7, 2011) (citing *Collins v. Illinois*, 554 F.3d 693 (7th Cir. 2009)). Specifically, Rule 37(d)(1)(A)(i) provides that the Court may order sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Moreover, deposition no-shows are not excused "on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). Notably, Plaintiff does not have a pending motion for a protective order under Rule 26(c). Moreover, "Rule 37(d) authorizes dismissal as a sanction for a party's failure to appear for a deposition after being served with proper notice," if accompanied by "willfulness, bad faith, or fault." *Collins*, 554 F.3d at 696. Obviously, though, dismissal is a "harsh penalty." *Id*.

Throughout the lion's share of this litigation, Plaintiff's counsel had never hinted that he would have a problem with Menards taking R.P.'s deposition. Then, after briefly raising the specter of incompetency for the first time on July 21, 2011 – over two years after this litigation commenced – Plaintiff's counsel appeared to drop the issue and decided against court intervention. On July 29, the parties agreed to a date, time, and protocol for R.P.'s deposition. When the time for the deposition arrived, however, Plaintiff's counsel scuttled it based on a last-second gut decision. Significantly, Plaintiff's counsel has failed to produce any evidence suggesting that he had a valid reason for cancelling the deposition.

Now, Plaintiff's counsel – a little more than a month before trial is scheduled to begin, by way of response brief to this motion to dismiss – belatedly asks the Court to hold a competency hearing for R.P. But in the Court's view, a competency hearing is unnecessary, as the available

4

evidence overwhelmingly suggests that R.P. is well-equipped to endure a short deposition, particularly where, as here, counsel has promised to "really go easy on R.P." For instance, Dr. Steven J. Couvillion assessed R.P. on October 5, 2009 and October 24, 2009, and administered 11 different tests on R.P. In doing so, Dr. Couvillion observed that:

> [d]uring the clinical interview and numerous hours of testing, R.P. Patel was cooperative, friendly, and engaging. His behavior presentation was very appropriate for his age. He was well groomed, alert, and attentive. There were no indications of important memory difficulties or serious psychiatric difficulties. His mood during the evaluation was appropriate.

Similarly, after a July 20, 2010 evaluation, Dr. John C. Farrar reported that "R.P. smiled easily, his mood was upbeat, and he was obviously comfortable in adult company. R.P. did not exhibit symptoms or make any statements that would suggest he is depressed. When asked if he was happy, mad, sad, etc., R.P. said he was 'Happy.'" Simply stated, there is no reason to question R.P.'s ability to understand his duty to testify truthfully.[1]

Indiana law reinforces the position that a child of R.P.'s age is competent to testify. Specifically, Indiana presumes that a witness is competent unless the opponent demonstrates otherwise. *Aldridge v. State*, 779 N.E.2d 607, 609 (Ind. Ct. App. 2002); *see also Patterson v. State*, 495 N.E.2d 714, 717 (Ind. Ct. App. 1986) (under now-repealed rule, any person over the age of ten was presumed competent to testify). If in fact Plaintiff believed that 11-year-old R.P. was not a competent witness, able to understand the nature and obligation of an oath, the burden was on Plaintiff to file a timely motion. Plaintiff has failed to furnish a credible reason for the Court to deploy its resources to hold a competency hearing. And, along similar lines, the Court

---

[1]This is certainly not meant to downplay the seriousness of R.P.'s injuries stemming from the accident. Rather, it is only meant to convey that R.P. appears to be well-equipped to handle a short and courteous deposition.

finds that Plaintiff's counsel had no credible rationale for blocking R.P.'s deposition. Plaintiff asserted only that he believed it would be too emotionally upsetting for R.P. to be deposed. Unfortunately, the conduct of Plaintiff's counsel warrants some form of sanctions.

In its discretion, the Court could dismiss this case. *See Collins*, 554 F.3d 693 (dismissal was a reasonable sanction where *pro se* plaintiff walked out on deposition without a legitimate reason and refused to wait for magistrate judge to address her objection). However, the Court will stop short of such a drastic remedy, as justice is best promoted by hearing cases on the merits. *See Salgado v. General Motors Corp.*, 150 F.3d 735, 740 (7th Cir. 1998) ("The sanction of dismissal with prejudice must be infrequently resorted to by district courts . . . In the normal course of events, justice is dispensed by the hearing of cases on their merits; only when the interests of justice are best served by dismissal can this harsh sanction be consonant with the role of the courts."). In other words, the Court believes that the interests of justice weigh in favor of allowing this case to proceed, but also affording Menards the opportunity to depose R.P. prior to the October 24, 2011 trial.

Finally, the Court finds that reasonable expenses and attorney's fees are appropriate under the circumstances. Under Rule 37(d)(3), the Court "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Plaintiff's counsel argues that he was substantially justified in thwarting the deposition because the Court must make a threshold competency determination. As explained earlier, however, this argument fails as Plaintiff has not given the Court any evidence to suggest that a competency hearing is an appropriate or necessary course of action. *See Springer v. State*, 437 N.E.2d 998, 1000 (Ind. 1982) ( "The party

challenging witnesses on ground of incapacity to understand the nature of the oath, bears the burden of establishing such ground.") (citation omitted).  And if Plaintiff's counsel was truly serious about contesting R.P.'s competency, he should've filed a motion to quash or motion for protective order supported by evidence.

Plaintiff also contends that fees and expenses are inappropriate for two additional reasons.  First, Menards failed to comply with Local Rule 37.1 and the last page of the Case Management Plan – allegedly requiring a party to consult the Magistrate Judge before filing a motion to compel.  Second, Plaintiff argues that Menards should've filed a motion to compel before taking the more radical step of filing a motion to dismiss.

Both of these arguments fail.  Neither the Local Rules nor the Case Management Plan *required* Menards to consult the Magistrate Judge. *See* L.R. 37.1(a) ("If any such dispute cannot be resolved . . . counsel are encouraged to contact . . . the assigned Magistrate Judge"); (Case Management Plan, Dkt. 67 at 7) (if a discovery dispute "has arisen because a party has failed to timely respond to discovery, the party that served the discovery may proceed with a motion to compel without seeking conference.  Any contacts with the court to request a discovery conference must be made jointly by counsel, absent compelling circumstances.").  Moreover, given that the incident occurred on the last day of discovery, Menards acted reasonably by filing a motion to dismiss in lieu of a motion to compel.  Simply stated, none of Plaintiff's arguments show substantial justification for the serious act of blocking a previously agreed to deposition of an obviously relevant witness on the final day of discovery.

## *Conclusion*

As discussed herein, the Court will reopen discovery for the limited purpose of allowing Menards to depose R.P. at Menards' convenience.  During the deposition, Menards is free to ask

R.P. about the effects of his injuries and how R.P. would describe his current physical condition, pursuant to the terms previously agreed to by the parties.  When doing so, of course, Menards must be cognizant of the fact that R.P. is only 11-years-old.  Moreover, Menards is entitled to reasonable expenses and attorney's fees associated with both R.P.'s deposition and the present motion.  Accordingly, Menards' Motion to Dismiss is **DENIED**, but its Motion for Sanctions is **GRANTED** (Dkt. 108).

SO ORDERED:   09/15/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Copies to:

**Richard D. Hailey**
RAMEY & HAILEY
rich@rameyandhaileylaw.com,marcee@rameyandhaileylaw.com

**Jeremy Michael Padgett**
TYRA LAW FIRM P.C.
jerry.padgett@tyralaw.net,amy.heustis@tyralaw.net

**Joel Samuel Paul**
RAMEY & HAILEY
joel@rameyandhaileylaw.com,lawjoel@hotmail.com

**Kevin C. Tyra**
THE TYRA LAW FIRM, P.C.
kevin.tyra@tyralaw.net,amy.heustis@tyralaw.net