UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SANJAY PATEL, on behalf of his minor child, RUT PATEL | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| MENARD, INC., | ) ) |
| Defendant. | ) |

Case No. 1:09-cv-0360-TWP-DML

# ENTRY ON MOTIONS IN LIMINE

This matter is before the Court on the parties' motions in *limine*. The court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F. Supp 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400-01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id*. at 1401.

*Menards' Motions in Limine*

Defendant Menards has filed 14 motions in *limine*. Plaintiff Sanjay Patel does not contest motions 1, 2, 5, 6, 7, 8, 9, 10, 11, 12, and 13; therefore, those motions are **GRANTED.** Plaintiff does, however, contest motions 3, 4, and 14. Each is addressed in turn.

**A.    Motion in *limine* 3**

Motion in *limine* 3 seeks to bar evidence relating to R.P.'s future behavioral or academic

problems stemming from the injuries he suffered at Menards. This issue was effectively resolved by the Court in its order excluding portions of Dr. Shuman's testimony (*See* Dkt.# 155). Accordingly, Menards' motion is **GRANTED**.

B.     **Motion in *limine* 4**

Motion in *limine* 4 seeks to bar evidence that Sanjay Patel suffered psychological injuries caused by being present at the time R.P. sustained his injuries. To buttress this argument, Menards highlights that Plaintiff has failed to put forth any expert witness testimony that would establish the proximate cause of his psychological injuries. It is true that, generally, "[m]atters regarding the causation of any of the Plaintiff's medical, psychological or psychiatric conditions require expert testimony." *Frazier v. Indiana Dept. of Labor*, 2003 WL 21254424, at *4 (S.D. Ind. March 17, 2003).

However, in this case, the Court believes such a principle is inapposite. There is no suggestion that Plaintiff is going to diagnose the cause of a formal medical condition (e.g. "the accident *caused* my clinical depression"). Rather, the Court's understanding is that Plaintiff is only going to testify that the accident caused emotional distress and mental anguish. Common sense suggests this is acceptable; in the Court's view, it doesn't take a Ph.D. to establish that a traumatic accident involving the well-being of a loved one can cause psychological harm. *See Merriweather v. Family Dollar Stores of Indiana, Inc.*, 103 F.3d 576, 580 (7th Cir. 1996) ("A plaintiff's testimony about emotional distress may, in certain instances, of itself suffice to support an award of nonpecuniary loss."). Therefore, Plaintiff is permitted to testify regarding his emotional distress and mental anguish stemming from the accident, and Menards will be given ample latitude to explore these issues in detail on cross-examination. Menards' motion in *limine* 4 is **DENIED**.

C.     **Motion in *limine* 14**

Motion in *limine* 14 seeks to bar evidence relating to the amount of R.P.'s medical bills and expenses. To understand Menards' argument, some background is necessary. On July 12, 2011, a paralegal in Menards' counsel's office e-mailed Plaintiff's counsel regarding R.P.'s medical bills, writing that "[a]fter reviewing Plaintiff's discovery responses regarding medical billing, payments and write-offs by Anthem, I have discovered that we do not have any of those items except for 3 pages of billing sheets from Clarian, created 3 weeks after the date of the loss." The e-mail asked Plaintiff's counsel to supplement their responses, adding that "[s]ince the discovery cut-off date is in 20 days, please supplement your responses before that time." The email ended, "[i]f you have any questions or concerns, please don't hesitate to contact me."

On July 19, 2011, Plaintiff's counsel responded that "[a]s for the medical bills, we will ensure that you receive them in their entirety shortly." By August 1, 2011, the date of the discovery deadline, Plaintiff's counsel still had not furnished the information. On September 16, 2011, counsel for Menards sent Plaintiff's counsel a letter, stating that "we never received anything pursuant to our request, and we therefore ask that you provide these documents immediately." That same day, Plaintiff's counsel responded that "[w]ith regard to the medical bills, I will compile them and get them to you as soon as I can." To date, Plaintiff's counsel has not disclosed this information.

Plaintiff's counsel's failure to provide this information is important in light of the Indiana Supreme Court's decision in *Stanley v. Walker*, 906 N.E.2d 852 (Ind. 2009). *Stanley* held that "[t]he <u>reasonable value of medical services</u> is the measure used to determine damages to an injured party in a personal injury matter." *Id*. at 858 (emphasis added). Importantly, *Stanley* recognized that given the labyrinthine nature of medical billing, the "reasonable value of medical

services" is often not a straightforward calculation. Rather, a jury may require numerous sources of information to make this determination, including the amounts billed by the providers, the amount actually paid, and other evidence. *Id*. Moreover, "a defendant may cross-examine any witness called by the plaintiff to establish reasonableness [and] . . . introduce its own witnesses to testify that the billed amounts do not represent the reasonable value of services." *Id*. Finally, "the defendant may introduce the discounted amounts into evidence to rebut the reasonableness of charges introduced by the plaintiff."

With less than a month before trial, Menards has represented to the Court that it hasn't received this information, which could hamper its ability to forge a defense relating to the reasonableness of R.P.'s medical expenses. Therefore, Menards asks the Court to bar this evidence altogether. On this point, Fed. R. Civ. P. 26(e)(1)(A) provides that:

> A party who has made a disclosure under Rule 26(a) . . . must supplement . . . its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete . . . and if the additional . . . information has not otherwise been made known to the other parties during the discovery process or in writing.

Moreover, Fed. R. Civ. P. 26(a)(1)(A)(iii) requires disclosures relating to the computation of damages. Given Plaintiff's counsel's failure to supplement, Menards argues, it was unable to retain an expert witness to challenge the reasonableness of R.P.'s medical bills; therefore, R.P.'s medical bills should be barred.

Plaintiff counters that Menards' cries of foul are disingenuous on two counts. First, Plaintiff has "provided Defendant [R.P.'s] medical bills on two separate occasions." [Dkt. 153 at 3]. Second, "Defendant's counsel received signed medical releases by which Defendant could obtain [R.P.'s] medical expenses." *Id*.

As it stands, the Court is unsure if it has a complete picture of precisely what has been

disclosed by Plaintiff's counsel to counsel for Menards. Plaintiff's first argument is that he has already provided the requisite information to Menards.  Importantly, though, communications between counsel suggest that Plaintiff's counsel may not have disclosed all relevant information. (Plaintiff's counsel writes "[a]s for the medical bills, we will ensure that you receive them in their entirety shortly").

With respect to Plaintiff's second point that medical releases have been given to Defendant, this argument is not particularly well-taken.  On multiple occasions, Plaintiff's counsel promised to send counsel for Menards the requested information, and counsel for Menards relied on these statements.  If it was Plaintiff's genuine position that Menards secure the billings directly from third parties, counsel should have expressed it months ago in an email or letter to opposing counsel.

It is somewhat unclear if Menards has all of R.P.'s medical records; however, at this juncture, the Court will DENY motion in *limine* # 14. If necessary, the parties may clarify their position in full at the final pretrial conference.  Menards should know, however, that even if Plaintiff has violated Rule 26, the Court is somewhat reticent to impose a "nuclear option" altogether barring R.P.'s medical bills.  Therefore, counsel for Menards should consider requesting alternative forms of relief.

*Plaintiff's Motion in Limine*

Plaintiff's only motion in *limine* seeks to bar certain testimony of Matthew Cotton, the general manager of the Menards store where the incident occurred.  Specifically, Cotton testified in his deposition that, after the incident, he witnessed R.P. and his younger brother climbing in and out of carts and running around the Menards store.  Plaintiff argues that this evidence is

irrelevant and prejudicial, especially since Menards has not asserted any comparative fault on the part of either R.P. or his brother.

Menards counters that this evidence is important to help fill in the gaps of precisely what caused the accident. It is true, as Menards emphasizes, that neither Plaintiff nor R.P. has a strong recollection of the incident. Thus, "[d]emonstrating how [R.P.] has acted while at Menards on other occasions is therefore relevant to provide a potential explanation that perhaps [R.P.], unbeknownst to his father, may have been climbing on merchandise and/or running around in the area where the insulation fell prior to the insulation bundle falling to the ground." [Dkt. 151 at 2]. In other words, Cotton's testimony provides a potential explanation of how the accident occurred; evidence of the Patels' tendency to let their children run loose; and evidence that "neither Sanjay Patel nor R.P. could have been too traumatized by the incident in this case if [R.P.] continued to use the Menards store as a quasi-playground, presumably with Sanjay Patel's knowledge or permission." *Id*. at 3.

This argument is well-crafted, but the Court is not persuaded. In short, this evidence has little probative value and is highly prejudicial. Asking the jury to make the inferential leap that R.P. caused the accident because he was subsequently seen horsing around (perhaps more than a year after the accident) is, plainly stated, a bridge too far. Further, such evidence is arguably barred by Fed. R. Evid. 404(b), which provides that "[e]vidence of other . . . acts is not admissible to prove the character of a person in order to show action in conformity therewith." Here, Menards argues that R.P. may have caused the accident because, on a separate and disconnected occasion, he was seen acting in a way that could potentially cause accidents. In the Court's view, such evidence is the type of conjecture Rule 404(b) was designed to snuff out. Plaintiff's motion in *limine* is therefore **GRANTED**.

*Conclusion*

For the reasons set forth above, Menards' motions in *limine* (Dkt. 135) 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, and 13 are **GRANTED**, motion in *limine* 4 is **DENIED**, and motion in *limine* 14 is **DENIED**. Plaintiff's sole motion in *limine* (Dkt 145) is **GRANTED**.

SO ORDERED: 10/06/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Copies to:

**Richard D. Hailey**
RAMEY & HAILEY
rich@rameyandhaileylaw.com,marcee@rameyandhaileylaw.com

**Jeremy Michael Padgett**
TYRA LAW FIRM P.C.
jerry.padgett@tyralaw.net,amy.heustis@tyralaw.net

**Joel Samuel Paul**
RAMEY & HAILEY
joel@rameyandhaileylaw.com,lawjoel@hotmail.com

**Kevin C. Tyra**
THE TYRA LAW FIRM, P.C.
kevin.tyra@tyralaw.net,amy.heustis@tyralaw.net