UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SANJAY PATEL, on behalf of his minor child, R.P. | ) ) ) |
| Plaintiff, | ) ) ) Case No. 1:09-cv-0360-TWP-DML |
| vs. | ) ) |
| MENARD, INC., | ) ) |
| Defendant. | ) |

### ENTRY ON MOTION TO QUASH TRIAL SUBPOENAS

This matter is before the Court on Defendant's Motion to Quash Trial Subpoenas. Trial subpoenas may be used to secure documents under limited circumstances; however, it is well-settled that "trial subpoenas may not be used as a means to engage in discovery after the discovery deadline has expired." *Bufkin v. Norfolk Southern Corp.*, 2002 WL 32144317, at *2 (N.D. Ind. March 20, 2002) (citations omitted; quashing subpoena duces tecum served 11 days before trial). And with good reason: a contrary ruling would undermine Federal Rule of Civil Procedure 34. Here, it appears that Plaintiff is trying to use trial subpoenas to effectively re-open discovery by asking for three different pieces of information on the eve of trial. Accordingly, Defendant's Motion to Quash Trial Subpoenas (Dkt. 163) is **GRANTED**.

### I. BACKGROUND

On September 29, 2011, Plaintiff issued a Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action to Menard, Inc. employee Matthew Cotton. On October 4, 2011, Plaintiff did the same for Menard, Inc. employees Courtney Miller and Kenneth Sericati. On October 6, 2011, Plaintiff's counsel emailed Defendant's counsel about the subpoenas. In the

exchange, Plaintiff's counsel wrote, "Matt Cotton and Ken Sericati both testified that Menard's policy regarding accidents is only available on an internal website. We previously requested copies of that policy from previous counsel, but it was never provided. Please provide us with this policy as soon as possible." On October 10, 2011, Plaintiff's counsel also requested "statements of both Courtney Miller and Matthew Cotton which they drafted on the date of the incident." Notably, this was not Plaintiff's first request for this information. On March 18, 2010 – over a year and half ago – Plaintiff's counsel sent Defendant's former counsel a letter requesting (1) copies of Menard's policy on accidents and (2) written statements of Courtney Miller and Matthew Cotton drafted on the date of the accident. That letter concluded "[p]lease respond within ten (10) business days of the date on this letter."

On October 13, 2011, Plaintiff issued amended Subpoenas to Appear and Testify at a Hearing or Trial in a Civil Action to Matthew Cotton, Courtney Miller, and Kenneth Sericati ("Amended Subpoenas"). The Amended Subpoenas requested that Matthew Cotton and Courtney Miller bring the following documents: (1) "[a]ll policies and procedures regarding merchandising, displays, and stacking at Menard's stores"; and (2) "[a]ll policies and procedures regarding in-store accidents at Menard's stores"; and (3) "[y]our written statement which you prepared after [R.P.]'s accident on January 11, 2008." As to Kenneth Sericati, the Amended Subpoena requested that he bring: (1) "[a]ll policies and procedures regarding merchandising, displays, and stacking at Menard's stores"; and (2) "[a]ll policies and procedures regarding in-store accidents at Menard's stores."

In sum, the Amended Subpoenas request three different types of information: (1) policies and procedures regarding merchandising, displays, and stacking; (2) policies and procedures

regarding in-store accidents; and (3) written statements prepared by Menard's employees on the day of R.P.'s accident. Each information request is addressed in turn, and additional facts are added below as needed.

## II. DISCUSSION

A.      **Policies and procedures regarding merchandising, displays, and stacking**

This piece of information requires little discussion. The Amended Subpoena is the first time that Plaintiff has requested such information. Tellingly, Plaintiff failed to address this request in the briefing on the present motion. Accordingly, Defendant's motion is **GRANTED** with respect to the request for policies and procedures regarding merchandising, displays, and stacking at Menard's stores.

B.      **Policies and procedures regarding in-store accidents at Menard's stores**

Plaintiff represents that he learned about these policies and procedures through the deposition of Matthew Cotton and Kenneth Sericati. Both depositions were taken on March 16, 2010. This revelation precipitated Plaintiff's March 18, 2010 letter, which requested such polices and procedures. Importantly, though, this request was never made through a formal Fed. R. Civ. P. 34 request for production. It is true, as Plaintiff emphasizes, that the duty to supplement discovery requests lingers on without further follow-up requests. *See* Fed. R. Civ. P. 26(e). But this duty to supplement only applies to formal discovery requests delineated in Fed. R. Civ. P. 26(e) (i.e. interrogatories, requests for production, requests for admission). Importantly, it does not apply to informal discovery requests like Plaintiff's March 18, 2010 letter. *See Sithon Maritime Co. v. Holiday Mansion*, 1998 WL 182785, at *2 (D. Kan. April 10, 1998) (highlighting the many differences between an informal discovery request and Fed. R.

Civ. P. 34 request for production; "[t]o treat correspondence between counsel as formal requests for production under Rule 34 would create confusion and chaos in discovery.").

Similar issues have been addressed by a district court within the Seventh Circuit. Specifically, in *Bufkin*, the Northern District of Indiana, in quashing a trial subpoena, specifically noted that "this does not explain why the desired records and materials were not obtained through a proper Fed. R. Civ. P. 34 document request well before the close of discovery in August 2001." *Bufkin*, 2002 WL 32144317, at *2. It appears that Plaintiff is attempting to use a trial subpoena to effectively re-open discovery, which is not permissible. Defendant's motion is **GRANTED** with respect to Plaintiff's request for policies and procedures regarding in-store accidents at Menard's stores.

**C.    Written statements from Matthew Cotton and Courtney Miller**

This request involves written statements made by Matthew Cotton and Courtney Miller following R.P.'s accident.  Notably, in 2009, Plaintiff – through a formal Fed. R. Civ. P. 34 request for production – sought "[a]ll statements, affidavits, or testimony you have taken from anyone regarding the allegations raised in Plaintiff's Complaint."  Cotton and Miller's statements *arguably* should have been captured by this request, meaning Defendant had a duty to supplement its responses with this information under Fed. R. Civ. P. 26(e).

Regardless, it appears that this information is protected by the work product privilege. These written statements were made after a child sustained serious injuries in an accident involving Defendant's property on Defendant's premises.  Work product privilege applies where "a party demonstrates that materials in its possession that would otherwise be discoverable were prepared in anticipation of litigation." *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 976

(7th Cir. 1996); *see also* Fed. R. Civ. P. 26(b)(3). To determine the applicability of the privilege, courts must examine whether "the document can fairly be said to have been prepared or obtained *because* of the prospect of litigation." *Id*. at 976-77 (citations and internal quotations omitted; emphasis in quoted appellate opinion).

Given the impetus of these written statements, it does not take an inferential leap to reason that the Defendant's employees made these written statements "because of the prospect of litigation." On this point, Fed. R. Civ. P. 45(c)(3)(A)(iii) provides that "[o]n timely motion, the issuing court must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies." Here, no exception applies, as Plaintiff has failed to show the requisite substantial need and undue hardship necessary to overcome the privilege. *See Logan*, 96 F.3d at 976. Also, it is worth noting that back in March 2010, Defendant produced its own investigative report, which was not privileged because it was created in the ordinary course of business. *See id.* at 977. For these reasons, the Court finds the documents are privileged, and Defendant's Motion is **GRANTED**.[1]

### III. CONCLUSION

The Federal Rules of Civil Procedure were painstakingly crafted to provide litigants with a roadmap for obtaining all necessary evidence well in advance of trial. Following this roadmap prevents last-minute disputes like the one presently before the Court. Defendant failed to

---

[1]Further, it is difficult to square Plaintiff's claim that these materials are necessary for trial, given that these items are conspicuously absent from his exhibit list. As *Bufkin* noted, "Plaintiff's claim that these materials are necessary for trial lacks merit in light of the fact that he has not identified the subpoenaed materials as potential exhibits in the Final Pretrial Order." *Bufkin*, 2002 WL 32144317, at *2

respond to Plaintiff's informal letter request,[2] and Plaintiff long ago should have requested the information through a formal Fed. R. Civ. P. 34 request for production. If Defendant failed to comply with that request, resulting in an impasse, Plaintiff should have formally sought court intervention through a motion to compel. None of this was done. Instead, Plaintiff has tried to circumvent normal discovery channels through eleventh hour subpoenas. Under virtually identical circumstances, district courts within the Seventh Circuit have quashed such subpoenas. *See Bufkin*, 2002 WL 32144317; *see also Potomac Elec. Power Co. v. Electric Motor Supply, Inc.,* 190 F.R.D. 372, 381 n. 13 (D. Md. 1999) ("courts have not hesitated to quash subpoenas where they were used as a means to reopen discovery after the cut-off date.") Unfortunately for Plaintiff, this Court must do the same. For the reasons set forth above, Defendant's Motion to Quash Trial Subpoenas (Dkt. 163) is **GRANTED**.

     **SO ORDERED**:   10/20/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

---

[2]This is certainly not to say that informal discovery requests should be rebuffed. Rather, they should be heeded as a matter of practice and common courtesy. *See Studio & Partners, s.r.l. v. KI*, 2007 WL 896065, at *1 (E.D. Wis. March 22, 2007) ("This is not to say that an attorney's refusal to comply with a reasonable request for discovery simply because it was not made in strict conformity to the federal rules is praiseworthy or even reasonable."). Nonetheless, informal discovery requests are just that – *informal*. *See id*. ("S & P's informal request for the production of documents during a deposition does not constitute a formal discovery demand that can properly serve as the basis for a motion to compel.").

Copies to:

Richard D. Hailey
RAMEY & HAILEY
rich@rameyandhaileylaw.com

Justin W. Leverton
RAMEY & HAILEY LAW FIRM
justin@rameyandhaileylaw.com

Jeremy Michael Padgett
TYRA LAW FIRM P.C.
jerry.padgett@tyralaw.net

Joel Samuel Paul
RAMEY & HAILEY
joel@rameyandhaileylaw.com

Mary Beth Ramey
RAMEY & HAILEY
marybeth@rameyandhaileylaw.com

Kevin C. Tyra
THE TYRA LAW FIRM, P.C.
kevin.tyra@tyralaw.net