**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| SANJAY PATEL, on behalf of his minor child, ) | |
| R.P. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:09-cv-0360-TWP-DML |
| vs. ) | |
| ) | |
| MENARD, INC., ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON PENDING MOTIONS**

Before the Court are Defendant's Objection to Plaintiff's Demonstrative Exhibits (Dkt. No. 179), Defendant's Objection to Use of Dr. Robert Shuman's Deposition Transcript (Dkt. No. 181) and Plaintiff's Motion for Emergency Hearing (Dkt. No. 185).   The Court has worked hard to resolve the parties' disputes in a thorough and efficient fashion.   However, the Court's responsiveness should not be perceived as a blank check to file every conceivable grievance. It appears that counsels' formerly collegial relationship has degenerated over the past few days. Suffice it to say, the parties would be well-advised to stop, take a deep breath, and begin behaving amicably once again.   That said, the Court orders the following:

**Defendant's Objection to Plaintiff's Demonstrative Exhibits (Dkt. No. 179)**

As Defendant concedes, the use of demonstrative exhibits is within the discretion of the trial court. *Wipf v. Kowalski*, 519 F.3d 380, 387 (7th Cir. 2008).   The Court has resolved to **OVERRULE** Defendant's Objections to Plaintiff's Demonstrative Exhibits, with two caveats. First, Plaintiff needs to reference the injured minor child as "R.P." on the exhibits.   Second, Plaintiff needs to remove the "PROOF" language.   Finally, on Monday morning, Plaintiff will be

given the opportunity to authenticate these exhibits prior to opening statements.   The Court will admonish the jury that these exhibits are demonstrative only.

**Defendant's Objection to Use of Dr. Robert Shuman's Deposition (Dkt. No. 181)**

Defendant argues that Plaintiff has failed to properly designate the portions of Dr. Shuman's testimony that he intends to use at trial in conformance with the Court's order on the final pretrial conference (Dkt. No. 170).   To clarify, Plaintiff needs to furnish Defendant with *specific* portions (page and line numbers) of Dr. Shuman's deposition that he intends to use. The Court, sua sponte, will give the Plaintiff until noon on Saturday, October 22, 2011 to specify to Defendant the exact portions of Dr. Shuman's testimony that he intends to use and which portions of the 8 hour deposition he will eliminate.   Failure to meet this directive may result in some form of sanction, up to and including the exclusion of Dr. Shuman as a witness.   Any objections to the designated portions can be filed by the parties on CM/ECF during the weekend and addressed by the Court on Monday, October 24, 2011 at 8:00 a.m.   For now, the Court **OVERRULES** the objection.

**Plaintiff's Motion for Emergency Hearing (Dkt. No. 185)**

The sole issue remaining in Plaintiff's motion for an emergency hearing is a request to reconsider the Court's ruling quashing the subpoenas duces tecum.   First of all, such a motion should be filed as a separate instrument and not a paragraph within a motion for emergency hearing.   Reconsideration of an interlocutory order may be appropriate when the facts or law on which the decision was based change significantly after issuance of the order, or when the court has misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.1990).   A motion to reconsider is to be granted only in

such extraordinary circumstances.   A party seeking reconsideration can't introduce new evidence or legal theories that could have been presented earlier or simply rehash previously rejected arguments. *Id.; see also Atchley v. Heritage Cable Vision Assoc.,* 926 F.Supp. 1381, 1383-1384 (N.D.Ind.1996).   In its brief argument, Plaintiff fails to provide material facts or legal precedent not previously submitted.   The Court, therefore, is not inclined to conduct an emergency hearing on the eve of trial to address a motion to reconsider.   The facts and law on which the Court's decision was based have not changed after issuance of the order.   Plaintiff's Motion for Emergency Hearing (Dkt. No. 185) is therefore **DENIED.**


        SO ORDERED.   10/21/2011

                                            _____

                                            Hon. Tanya Walton Pratt, Judge
                                            United States District Court
                                            Southern District of Indiana


Copies to:


Richard D. Hailey
RAMEY & HAILEY
rich@rameyandhaileylaw.com

Justin W. Leverton
RAMEY & HAILEY LAW FIRM
justin@rameyandhaileylaw.com

Jeremy Michael Padgett
TYRA LAW FIRM P.C.
jerry.padgett@tyralaw.net,amy.heustis@tyra
law.net

Joel Samuel Paul
RAMEY & HAILEY
joel@rameyandhaileylaw.com,lawjoel@hot
mail.com

Mary Beth Ramey
RAMEY & HAILEY
marybeth@rameyandhaileylaw.com

Kevin C. Tyra
THE TYRA LAW FIRM, P.C.
kevin.tyra@tyralaw.net,amy.heustis@tyrala
w.net