# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| SANJAY PATEL, on behalf of his minor child, R.P., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:09-cv-0360-TWP-DML ) |
| MENARD, INC., | ) ) |
| Defendant. | ) |

## ENTRY ON PENDING POST-TRIAL MOTIONS

Beginning October 24, 2011 and ending October 28, 2011, the Court presided over a jury trial in this personal injury matter. After accounting for comparative fault principles, the jury awarded Plaintiff Sanjay Patel (on behalf of his minor child, R.P.) $355.000.00. This was a hotly-contested case litigated by charismatic and first-rate trial attorneys who represented their clients with vigor. But, unfortunately, this case did not proceed seamlessly. On two occasions – one prior to trial and one at trial – the Court issued sanctions awards against Plaintiff's counsel. Now, following the conclusion of the trial, the parties dispute certain issues pertaining to the appropriate amount of sanctions and the bill of costs.

Three post-trial motions are currently pending before the Court: (1) Defendant's Motion for Award of Sanctions Relating to the Deposition Transcript of Dr. Robert Shuman (Dkt. 204); (2) Defendant's Motion for Award of Sanctions Relating to R.P.'s Deposition (Dkt. 203); and (3) Plaintiff's Motion to Tax Costs (Dkt. 205). Each motion is addressed in turn.

### A. Uncontested Motion – Award of Sanction Involving Dr. Shuman's Deposition Transcript (Dkt. 204)

The Court begins with the most straightforward motion. Defendant has requested $500.00 "for Plaintiff's failure to timely produce the proposed redactions" of Dr. Shuman's deposition transcript. (Dkt. 204 at 3.) This amount is eminently reasonable, and Plaintiff does not contest it. Therefore, Defendant's Motion for Award of Sanctions Relating to the Deposition of Dr. Robert Shuman is **GRANTED** in the amount of $500.00.

### B. Contested Motion – Award of Sanction for Failing to Produce R.P. (Dkt. 203)

Defendant was scheduled to take the deposition of R.P. – obviously an important deposition for a case that centered on R.P.'s injuries – on the morning of August 1, 2011. However, approximately two hours before the deposition was scheduled to begin, Plaintiff's counsel unilaterally canceled via email, writing that "[t]here is no way R.P. can do a depo today. We really need to talk again as [I] do not feel that he can be a witness in this case as it is far [too] upsetting and I join his parents with concern. The depo today is off." In response, Defendant fired back with a motion to dismiss as a sanction under Fed. R. Civ. P. 37.

In its order on the motion to dismiss, the Court noted that it was highly improper for Plaintiff's counsel to scuttle a scheduled deposition without any justifiable reason. To reiterate, the Court finds there was no *justifiable* reason to unilaterally cancel the deposition. In response to Defendant's motion to dismiss, Plaintiff's counsel suggested that R.P. might not have the requisite competency to testify or undergo a deposition. However, this insinuation was meritless: R.P. is a straight-A student who ultimately testified in a poised manner at trial. And, as the Court noted in its order, "if Plaintiff's counsel was truly serious about contesting R.P.'s competency, the proper

course of action would have been to file a motion to quash or motion for protective order ...." (Dkt. 128 at 7).

The Court further noted that, in its discretion, it could have dismissed this case. But the Court avoided such a draconian remedy, given its preference for resolving cases on their merits. In doing so, however, the Court noted that "[a]lthough Plaintiff's counsel's conduct does not warrant dismissal, it does warrant consequences." (Dkt. 128 at 1.) Therefore, citing Fed. R. Civ. P. 37(d)(3), the Court ruled that Defendant "is entitled to reasonable expenses and attorney's fees associated with both R.P.'s deposition and the present motion." (Dkt. 128 at 8.)

Defendant now seeks $5,176.00 for the deposition and the motion to dismiss. Plaintiff responds that this figure is unfair and artificially inflated. To bolster this argument, however, Plaintiff first takes an analytical detour, suggesting that Defendant wasted time during the course of Dr. Shuman's deposition. Tellingly however, Plaintiff devoted nearly an entire day of trial to reading that deposition to the jury. In any event, the propriety of Defendant's counsel's actions during that particular deposition is beside the point; for the present motion, the only deposition that is relevant is R.P.'s.

From there, Plaintiff takes aim at specific billable items that Defendant seeks to recover. First, the Court reminds both counsel that the conduct which led to the sanctions occurred on August 1, 2011. Thus, August 1, 2011 is the trigger date for any sanctions, meaning any legal work done prior to that date will not be included in the sanctions award. This amounts to $846.50. Moreover, the Court will also exclude the travel time to and the time spent at the August 1, 2011 deposition – the one that never occurred. In its order, the Court wrote that Defendant may recover "reasonable expenses and attorney's fees associated with ... R.P.'s deposition." However, the Court should have been clearer: it only meant for Defendant to recover reasonable costs and fees

3

associated with the actual *rescheduling and taking of R.P.'s subsequent deposition*. This reduction amounts to $252.00. The amount of these two reductions totals $1,098.50.

The rest of Defendant's submissions regarding costs and fees that relate to the motion to dismiss are reasonable. Therefore, the Court **GRANTS** Defendant's Motion for Award of Sanctions Relating to R.P.'s Deposition in the amount of $4,077.50.

**C.      Contested Motion – Plaintiff's Motion to Tax Costs**

Rule 54(d)(1) of the Federal Rules of Civil Procedure directs that costs "*should* be allowed to the prevailing party," unless "a federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1) (emphasis added). As the Seventh Circuit has recognized, the strong presumption "in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997) (citation omitted). That said, a court should award a party costs only if it carries its burden to show that "the expenses are allowable cost items and ... reasonable, both in amount and necessity to the litigation." *Weihaupt v. American Medical Ass'n*, 874 F.2d 419, 430 (7th Cir. 1989) (citations omitted).

Specifically, costs are limited to the items set forth in 28 U.S.C. § 1920, which include: (1) fees of the clerk and the marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. *See* 28 U.S.C. §

1920.

The disputed costs fall into three categories: (1) witness fees, (2) deposition costs, and (3) copying costs. In total, Plaintiff seeks $14,516.72 in costs. (In its motion, Plaintiff incorrectly calculated the sum of these amounts as $14,556.72.) Defendant contends that certain costs in each of these categories veer outside of § 1920. These arguments are addressed in turn.

**(1)  Witness Fees**

Plaintiff seeks $40.00 in witness fees for Dr. Val Evanoff. But, notably, Dr. Evanoff was not an actual witness. Instead, he simply read Dr. Shuman's deposition testimony, and Plaintiff has not given the Court authority suggesting that a party can recoup witness fees for someone serving solely as a deposition reader. Presumably, one of Plaintiff's attorneys could have easily played the role of Dr. Shuman. Nor has Plaintiff filed a reply brief giving the Court a principled reason why fees should be awarded under such circumstances. Accordingly, the Court will reduce recoverable costs by $40.00.

**(2)  Deposition Costs**

a.  <u>Video Recording</u>

Defendant objects to the costs associated with video recording various depositions. The thrust of its argument is that the taping was not necessary; it was merely done for convenience, thus rendering it unrecoverable. Defendant's argument is well-taken, but, in the end, the Court is not persuaded. As a general matter, the Seventh Circuit allows for "the costs of both video-recording and stenographic transcription to be taxed to the losing party." *Little v. Mitsubishi Motors North America, Inc.*, 514 F.3d 699, 702 (7th Cir. 2008) ("[W]e must conclude that the rule-makers intended to allow the costs of both video-recording and stenographic transcription to be taxed to the losing party."). Thus, the full costs of the video deposition

5

recordings of the following individuals are recoverable: Sanjay Patel, Dr. Steven Couvillion, Dee Furry, Christina Fernandez, Megan Wendell, Dawn Colley, Kevin Gray, and Louis Inendino.

Further, Defendant has two additional arguments. With respect to Dr. Robert Shuman's first deposition, the invoice for the video recording states that it was $225.00 for the first hour of videotaping. Defendant argues that because this deposition lasted only 14 minutes it is unfair to make it pay for an hour of recording. Similarly, R.P.'s deposition lasted only 20 minutes; yet the invoice is again $225.00 for the first hour. The Court respectfully disagrees with Defendant. It is not unusual for professionals to bill accordingly and not pro-rate the first hour of service. For example, the Court itself is assessed a full hourly rate when it utilizes the services of an interpreter, even if that interpreter provides service for only a 20 minute hearing. The first hour fee typically includes travel time and appearance time. Just as the Seventh Circuit allows a party to recover a deposition attendance fee for the court reporter, if in fact the district court finds it to be reasonable, (See *Held v. Held*, 137 F.3d 998, 1012 (7th Cir. 1998)), a video recorder's attendance is likewise compensable. The Court therefore, does not find it unreasonable to tax Defendant for a full hour on these two depositions.

      b.    <u>Postage and Shipping</u>

In *Moore v. The University of Notre Dame*, 22 F. Supp. 2d 896 (N.D. Ind. 1998), the Northern District of Indiana recognized that "although § 1920 specifically provides for the taxation costs for deposition transcripts, it does not provide for taxing postage and courier costs." *Id*. at 915 (citing *Downes v. Volkswagen of America, Inc.,* 41 F.3d 1132, 1144 (7th Cir.1994)). Therefore, the Court will reduce recoverable costs by the following amounts: (1) $5.00 for

6

Sanjay Patel's deposition; (2) $5.00 for Dr. Couvillion's deposition[1]; (3) $36.70 for Dr. Shuman's depositions; (4) $5.00 for the depositions of Dee Furry and Christina Fernandez; (5) $3.00 for the deposition of Louis Inendino; and (6) $3.00 for R.P.'s deposition. Thus, the reduction of costs pertaining to postage and shipping is $57.70.

**(3)  Copy Costs**

28 U.S.C. § 1920(4) provides that a judge may tax as costs "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." However, the phrase "for use in the case" contemplates that the materials be actually prepared for use in presenting evidence to the court. *See McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990) (ruling that § 1920(4) does not encompass copying of court filings for personal use).

Defendant first contests $2,875.00 in costs that Plaintiff incurred for exhibits from MediVisual depicting R.P.'s head injuries. The Court is not persuaded. Although Plaintiff did not obtain the Court's approval before seeking costs for these exhibits, *see Wahl v. Carrier Manufacturing Co., Inc.*, 511 F.2d 209, 217 (7th Cir. 1975), the Court finds that these exhibits were "necessary to an understanding of an issue and a material aid to the jury[.]" *Independence Tube Corp. v. Copperweld Corp.*, 543 F. Supp. 706, 722-23 (C.D. Ill. 1982); *see also Wahl*, 511 F.2d at 217 ("this court has allowed costs for models and charts") (citation omitted). In the Court's view, these exhibits went beyond merely illustrating expert testimony. *See Copperweld*, 543 F. Supp. at 722-23.

From there, Defendant argues that many of Plaintiff's descriptions of copying costs are

---

[1] With respect to Dr. Couvillion's deposition, Defendant also challenges $8.75 in "standby" time, which is time where no deposition testimony was elicited. The Court is not persuaded, as "standby" appears to be an inherent and at-times unavoidable part of the deposition process. Therefore, the Court finds that "standby" time is recoverable.

simply too vague to be deemed taxable. For instance, Plaintiff describes $105.80 spent in copying costs with Xact Data Discovery merely as "copy litigation." The Court is not persuaded. Although Plaintiff's descriptions certainly could have been more thorough, the amount of expenses strikes the Court as reasonable. There is no requirement that a party seeking to recover the costs of photocopies must specifically state what papers were copied, why they were copied, and how they were used in the case; rather, the party must only "provide the best breakdown obtainable from retained records." *Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co.*, 924 F.2d 633, 642-43 (7th Cir. 1991). The Court finds that Plaintiff has satisfied this modest threshold.

Finally, Plaintiff requests $130.59 related to the purchase of trial binders, $186.10 for indexes, and $14.96 for the purchase of labels. As Defendant notes, these are not "copy" costs. *See Lathan v. Derwinski*, 1992 WL 201929, at *1 (N.D. Ill. Aug. 13, 1992) ("The plaintiff requests ... $175.25 for office supplies .... These are not among the costs generally allowed ... and they will not be allowed in this case."). Accordingly, the Court reduces the amount recoverable by $331.65.

In total, Plaintiff sought $14,516.72 in costs. The Court has reduced this amount by $40.00 in witness fees, $57.70 in deposition postage and shipping costs, and $331.65 in copying costs. These reductions amount to $429.35. Accordingly, the Court **GRANTS** Plaintiff's Motion to Tax Costs in the amount of $14,087.37.

**D.     Conclusion**

For the reasons set forth above, the Court rules as follows. First, Defendant's Motion for Award of Sanctions Relating to the Deposition Transcript of Dr. Robert Shuman (Dkt. 204) is **GRANTED** in the amount of $500.00. Second, Defendant's Motion for Award of Sanctions

Relating to R.P.'s Deposition (Dkt. 203) is **GRANTED** in the amount of $4,077.50. Finally, Plaintiff's Motion to Tax Costs (Dkt. 205) is **GRANTED** in the amount of $14,087.37.

SO ORDERED. 04/19/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Richard D. Hailey
RAMEY & HAILEY
rich@rameyandhaileylaw.com

Justin W. Leverton
RAMEY & HAILEY LAW FIRM
justin@rameyandhaileylaw.com

Jeremy Michael Padgett
TYRA LAW FIRM P.C.
jerry.padgett@tyralaw.net, amy.heustis@tyralaw.net

Joel Samuel Paul
RAMEY & HAILEY
joel@rameyandhaileylaw.com, lawjoel@hotmail.com

Mary Beth Ramey
RAMEY & HAILEY
marybeth@rameyandhaileylaw.com

Kevin C. Tyra
THE TYRA LAW FIRM, P.C.
kevin.tyra@tyralaw.net, amy.heustis@tyralaw.net